IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEYCAT, LTD., Plaintiff, v. PAYPAL, INC., Defendant. | C.A. No. 13-1358 (MSG) **DEMAND FOR JURY TRIAL** |

**DEFENDANT PAYPAL, INC.'S ANSWER, AND DEFENSES**
**<u>TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendant PayPal, Inc. ("PayPal") answers the Complaint for Patent Infringement ("Complaint") filed in this action by Plaintiff MoneyCat, Ltd. ("MoneyCat") as follows:

## NATURE OF THE ACTION

1. PayPal admits that the action purports to be one for patent infringement arising under the patent laws of the United States. Otherwise denied.

## THE PARTIES

2. PayPal lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

3. Admitted.

4. PayPal admits that it operates electronic payment systems. Otherwise denied.

5. PayPal admits that it is a wholly-owned subsidiary of eBay Inc., a corporation organized and existing under the laws of the State of Delaware. This paragraph references a document, which speaks for itself. Otherwise denied.

## JURISDICTION AND VENUE

6. PayPal admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Otherwise denied.

7. PayPal does not contest personal jurisdiction over it for the purposes of this action. PayPal admits it is incorporated in the State of Delaware and further admits that its services have been used by customers in Delaware. Otherwise denied.

8. PayPal admits that venue is proper in this District for purposes of this particular action. Otherwise denied.

**GENERAL ALLEGATIONS**

9. PayPal admits that, on its face, United States Patent No. 7,590,602 B1 ("the '602 patent") bears the title "Electronic Currency, Electronic Wallet Therefor and Electronic Payment Systems Employing Them," has an issue date of September 15, 2009, lists Kfir Luzzatto as the sole inventor, and claims priority to three Israeli applications with the dates of August 26, 1999, August 31, 1999, and November 14, 1999. PayPal denies that the '602 patent was duly and lawfully issued. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10. The '602 Patent speaks for itself as to what it generally relates. Otherwise denied.

11. PayPal lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

12. PayPal admits that the '602 patent has been reexamined by the United States Patent and Trademark Office ("Patent Office") on two occasions. PayPal admits Reexamination Request No. 90/011,988 ("the '988 request") was filed on October 31, 2011, and that the Patent Office issued an *Ex Parte* Reexamination Certificate on January 24, 2013. PayPal further admits that Reexamination Request No. 90/012,607 ("the '607 request") was filed on September 14, 2012, and that the Patent Office issued an *Ex Parte* Reexamination Certificate on December 14, 2012. PayPal admits that what appears to be a copy of the '602 patent, with Reexamination

Certificates, is attached as Exhibit A to the Complaint. Those documents speak for themselves. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13. PayPal admits that, on its face, United States Patent No. 8,195,578 B2 ("the '578 patent") bears the title "Electronic Currency, Electronic Wallet Therefor and Electronic Payment Systems Employing Them," has issue date of September June 5, 2012, and lists Kfir Luzzatto as the sole inventor. PayPal denies that the '602 patent was duly and lawfully issued. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14. PayPal admits that the '578 patent, on its face, appears to be continuation of the '602 patent. The '578 Patent speaks for itself as to what it generally relates. Otherwise denied.

15. PayPal lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16. PayPal admits that the '578 patent has been reexamined once by the Patent Office. PayPal further admits that Reexamination Request No. 90/012,615 ("the '615 request") was filed on September 14, 2012, and that the Patent Office issued an *Ex Parte* Reexamination Certificate on July 30, 2013. PayPal admits that what appears to be a copy of the '578 patent, with Reexamination Certificate, is attached as Exhibit B to the Complaint. Those documents speak for themselves. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

17. PayPal admits that on its face, United States Patent No. 8,051,011 B2 ("the '011 patent") bears the title "Electronic Currency, Electronic Wallet Therefor and Electronic Payment

Systems Employing Them, " has issue date of November 1, 2011, and lists Kfir Luzzatto as the sole inventor. PayPal denies that the '011 patent was duly and lawfully issued. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

18. PayPal admits that the '011 patent, on its face, appears to be a divisional of the '602 patent. The '011 Patent speaks for itself as to what it generally relates. Otherwise denied.

19. PayPal lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20. PayPal admits that Reexamination Request No. 90/012,609 ("the '609 request") was filed on September 14, 2012 and that the Patent Office denied this request on November 23, 2012. PayPal admits that what appears to be a copy of the '011 patent is attached as Exhibit C to the Complaint. Those documents speak for themselves. PayPal lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 20 of the Complaint, and on that basis denies them.

**NOTICE OF MONEYCAT'S PATENTS**

21. Admitted.

22. Denied.

23. PayPal admits that it requested the reexaminations of the '602 patent. Otherwise denied.

24. PayPal admits that the '141 and '181 applications, on their faces indicate that they were filed on August 11, 2009 and were pending before the Patent Office at the time the Litigation was filed. PayPal lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations contained in paragraph 24 of the Complaint, and on that basis denies them.

25. PayPal admits that it requested the reexaminations of the '578 and '011 patents. PayPal admits that it has had knowledge of the '011 patent since prior to September 14, 2012. Otherwise denied.

**COUNT I**
**INFRINGEMENT OF THE '602 PATENT**

26. PayPal incorporates herein its answers in response to paragraphs 1-25.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. This paragraph references documents, which speak for themselves. Otherwise denied.

32. PayPal admits that it requested reexaminations of the '602 patent. This paragraph references a document, which speaks for itself. Otherwise denied.

33. Denied.

34. Denied.

35. Denied.

36. PayPal admits that it requested reexaminations of the '602 patent. Otherwise denied.

37. Denied.

## COUNT II
## INFRINGEMENT OF THE '578 PATENT

38. PayPal incorporates herein its answers in response to paragraphs 1-37.

39. Denied.

40. Denied.

41. PayPal admits that the '141 application was pending before the Patent Office on August 30, 2010. PayPal admits that it requested reexamination of the '578 patent. Otherwise denied.

42. PayPal admits that it has had knowledge of the '578 patent since the filing date of the Complaint. Otherwise denied.

43. Denied.

44. Denied.

45. This paragraph references documents, which speak for themselves. Otherwise denied.

46. PayPal admits that it requested reexamination of the '578 patent. This paragraph references a document, which speaks for itself. Otherwise denied.

47. Denied.

48. Denied.

49. PayPal admits that it has had knowledge of the '578 Patent since July 30, 2013. Otherwise denied.

50. PayPal admits that it requested reexamination of the '578 patent. Otherwise denied.

51. Denied.

## COUNT III
## INFRINGEMENT OF THE '011 PATENT

52. PayPal incorporates herein its answers in response to paragraphs 1-51.

53. Denied.

54. Denied.

55. PayPal admits that it has had knowledge of the '011 patent since prior to September 14, 2012. PayPal admits that the '181 application was pending before the Patent Office on August 30, 2010. PayPal admits that it requested reexamination of the '011 patent. Otherwise denied.

56. PayPal admits that it has had knowledge of the '011 patent since the filing date of the Complaint. Otherwise denied.

57. Denied.

58. Denied.

59. This paragraph references documents, which speak for themselves. Otherwise denied.

60. PayPal admits that it requested reexamination of the '011 patent. This paragraph references a document, which speaks for itself. Otherwise denied.

61. Denied.

62. Denied.

63. PayPal admits that it has had knowledge of the '011 patent since prior to September 14, 2012. Otherwise denied.

64. PayPal admits that it requested reexamination of the '011 patent. Otherwise denied.

65. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

66. To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, PayPal denies each and every allegation. Specifically, PayPal denies that MoneyCat is entitled to any such relief as requested or at all.

## GENERAL DENIAL

67. Except as explicitly admitted herein, PayPal denies each and every allegation contained in Plaintiff's Complaint.

## DEFENSES

68. PayPal asserts the following affirmative and other defenses to MoneyCat's Complaint. PayPal reserves the right to amend or allege additional defenses as they become known through the course of discovery. By pleading these defenses, PayPal does not in any way agree or concede that it has the burden of proof on any of these issues.

## FIRST DEFENSE

69. PayPal has not infringed and does not infringe, literally or under the doctrine of equivalents, the claims of the '602, '578 or '011 patent, either directly or indirectly.

## SECOND DEFENSE

70. The claims of the '602, '578 and '011 patents are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD DEFENSE**

71. MoneyCat is estopped, by virtue of the cancellations, amendments, elections, representations, and concessions the patentee made to the Patent Office during the pendency of the applications that ultimately issued as the '602, '578 and '011 patents, from construing any claim of the '602, '578 and '011 patents in a way that it can argue that they have been infringed by PayPal.

**FOURTH DEFENSE**

72. MoneyCat is estopped, by virtue of the cancellations, amendments, elections, representations, and concessions the patentee made to the U.S. Patent and Trademark Office during the reexaminations of the '602, '578 and '011 patents, from construing that any claim of the '602, '578 and '011 patents in a way that it can argue that they have been infringed by PayPal.

**FIFTH DEFENSE**

73. MoneyCat is barred from recovering damages before issuance of the reexamination certificates of the '602 and '578 patents the by virtue of absolute and equitable intervening rights, 35 U.S.C. § 252.

**SIXTH DEFENSE**

74. MoneyCat's claims for damages, if any, for alleged infringement of the '602, '578, and '011 patents are limited by 35 U.S.C. § 287.

**SEVENTH DEFENSE**

75. MoneyCat's claims for relief are barred, in whole or in part, by the doctrines of laches, estoppel, acquiescence, waiver, or other applicable equitable doctrines.

## PRAYER FOR RELIEF

76. WHEREFORE, Defendant PayPal respectfully requests that the Court enter a Judgment:

a) Denying all relief sought by MoneyCat;

b) Dismissing MoneyCat's claims against PayPal with prejudice;

c) That PayPal has not infringed any claim of the '602, '578, and '011 patents;

d) That all asserted claims of the '602, '578, and '011 patents are invalid;

e) That this case is exceptional under 35 U.S.C. § 285 and awarding PayPal its costs, attorneys' feees, and expenses incurred in defending against MoneyCat's Complaint; and

f) Awarding PayPal such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PayPal requests a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendant*

September 30, 2013

7591284

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 30, 2013, upon the following in the manner indicated:

John G. Day, Esquire
Lauren E. Maguire, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

*VIA ELECTRONIC MAIL*

H. Joseph Hameline, Esquire
MINTZ LEVIN COHEN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111

*VIA ELECTRONIC MAIL*

Seth R. Goldman, Esquire
Brad Scheller, Esquire
MINTZ LEVIN COHEN FERRIS GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017

*VIA ELECTRONIC MAIL*

Howard N. Wisnia, Esquire
MINTZ LEVIN COHEN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

*VIA ELECTRONIC MAIL*

Jack B. Blumenfeld (#1014)